ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'25 APR 15 PM3:04
KNB

UNITED STATES OF AMERICA

v.

THEODORE JAMES HENDERSON

CRIMINAL NO.

3-25CR-166-E

**INDICTMENT**

The Grand Jury charges:

At all times relevant to the indictment:

Introduction

1. Each year taxpayers prepare and submit their federal income tax returns to the Internal Revenue Service ("IRS").

2. To determine the amount of money a taxpayer either owes to the IRS or is owed by the IRS through a refund, the taxpayer must first determine and report their total income, that is, income from various sources. After the taxpayer's total income is determined, it can be adjusted downward through deductions and credits. A tax deduction lowers an individual's total income amount to establish what is taxable income. A credit is applied against a taxpayer's taxable income. Once deductions and credits are subtracted from total income, the taxpayer will either owe additional money to the IRS or be entitled to a refund depending upon any withholdings or exemptions that have been applied.

3. Many individual taxpayers submit their federal income tax returns using an IRS Form 1040. An IRS Form 1040 provides supplemental forms—schedules—to calculate the taxpayer's income, deductions, and credits which are then ultimately reported on the Form 1040. Any applicable schedules are submitted with the Form 1040 when it is filed with the IRS.

4. An IRS Form 1040 Schedule C is used when an individual taxpayer generates a profit or suffers a financial loss from operating a sole proprietorship or self-employment. To determine whether the taxpayer had a net profit or net loss, the taxpayer reports gross receipts, cost of goods sold, and other business-related expenses on the Schedule C. The taxpayer's net profit or net loss is used when calculating the taxpayer's total income, prior to the application of any deductions or credits. A net business profit will increase the taxpayer's tax liability whereas a net business loss will reduce the taxpayer's tax liability.

5. For tax year 2018, a taxpayer's net business profit or loss as determined on Schedule C was reported on line 12 of Schedule 1, Additional Income and Adjustments to Income. A taxpayer's total income from Schedule 1 was then reported on line 6 of Form 1040. Similarly, for tax year 2019, a taxpayer's net business profit or loss as determined on Schedule C was reported on line 3 of Schedule 1, and then the taxpayer's total income from Schedule 1 was reported on line 7a of Form 1040.

6. Many taxpayers utilize return preparers to prepare and submit their federal income tax returns to the IRS. An individual seeking to become a return preparer must complete an application process and obtain IRS approval. Once approved, the IRS

assigns a Preparer Tax Identification Number ("PTIN") to the return preparer for identification purposes. Generally, the return preparer also becomes an Electronic Return Originator ("ERO") and is assigned an Electronic Filing Identification Number ("EFIN") so that they can electronically file a taxpayer's return.

7. Once a return preparer obtains an EFIN, the return preparer can purchase software from an authorized provider to complete and transmit federal tax returns to the IRS. The software company provides technical support to the return preparer and monitors returns that are filed through its software system.

8. Return preparers can offer taxpayer-clients refund-based services—bank products—made available by select banks and through the software provider. To offer these products, a return preparer will select one of the available banks to partner with within the software. Each bank establishes the application and eligibility requirements and chooses which products to offer. Bank products can include refund transfers and refund advances or loans. A refund transfer deducts the return preparer's fees directly from the taxpayer's refund upon issuance of a refund by the IRS and distributes the remainder to the taxpayer. However, a refund advance or loan is money issued by the bank to the taxpayer in anticipation of the IRS approving and issuing the taxpayer's refund. This provides a taxpayer more immediate access to funds rather than waiting for the IRS to process the taxpayer's return and issue the refund.

## Summary of the Scheme

9. In or about 2013, defendant **Theodore James Henderson** was registered with the IRS as an authorized return preparer to file individual tax returns on behalf of

third-party taxpayers. Between in or about 2013 through 2021, **Henderson** prepared and filed approximately 379 income tax returns as a return preparer on behalf of third-party taxpayers.

10. Defendant **Theodore James Henderson** lived in and operated as an authorized return preparer in Coppell, Texas, which is located in the Northern District of Texas.

11. Beginning at least in or about 2015, for tax year 2014, defendant **Theodore James Henderson** falsely included purported business losses on Schedule Cs for his third-party clients. **Henderson** then caused those business losses to be reported on his clients' Forms 1040 which caused fraudulent refunds to be issued by the IRS.

12. Beginning at least in or about 2020, for tax year 2019, the defendant **Theodore James Henderson** selected bank products in the form of refund advances or loans on behalf of his taxpayer clients in anticipation of the IRS issuing the fraudulently claimed refunds. Financial Institution 1, a financial institution known to the Grand Jury, issued the advances or loans and deposited funds onto Financial Institution 1 debit cards that were in **Henderson's** possession. **Henderson** then withdrew the funds from Financial Institution 1 and stole and converted the money to his own use.

Counts One through Twenty-Two
Aiding and Assisting in the Preparation and Presentation
of a False and Fraudulent Tax Return
[26 U.S.C. § 7206(2)]

13. Paragraphs 1 through 12 of this indictment are realleged and incorporated by reference as though fully set forth herein.

14. On or about the dates set forth below, in the Northern District of Texas and elsewhere, the defendant, **Theodore James Henderson,** willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service of U.S. Individual Income Tax Return, Schedule C and Form 1040, for the taxpayers and calendar years set forth below, which were false and fraudulent as to a material matter. That is, the tax returns reported that the taxpayers suffered business losses on Schedule Cs and were entitled to claim a refund in the amounts specified on Forms 1040, whereas **Henderson** knew the taxpayers did not suffer the stated business losses and were not entitled to claim a refund in the amount stated in the Forms 1040.

| Count | Approximate Filing Date | Taxpayer | Tax Year | False Business Loss Reported | False Refund Amount Claimed |
|---|---|---|---|---|---|
| 1 | 1/17/2019 | S.P. | 2018 | ($26,250) | $7,005 |
| 2 | 1/23/2019 | H.D. | 2018 | ($21,890) | $10,489 |
| 3 | 1/30/2019 | T.C.H. | 2018 | ($28,975) | $9,865 |
| 4 | 1/30/2019 | L.N. | 2018 | ($35,696) | $12,671 |
| 5 | 1/30/2019 | E.P. | 2018 | ($23,525) | $6,110 |
| 6 | 2/1/2019 | D.P. | 2018 | ($20,800) | $6,296 |
| 7 | 2/1/2019 | A.M. | 2018 | ($37,765) | $10,213 |

| Count | Approximate Filing Date | Taxpayer | Tax Year | False Business Loss Reported | False Refund Amount Claimed |
|---|---|---|---|---|---|
| 8 | 2/4/2019 | A.G. | 2018 | ($28,975) | $5,219 |
| 9 | 2/26/2019 | C.K. | 2018 | ($26,250) | $7,488 |
| 10 | 2/27/2019 | D.H. | 2018 | ($29,975) | $8,333 |
| 11 | 2/28/2019 | I.O. | 2018 | ($23,561) | $10,244 |
| 12 | 4/25/2019 | G.D. | 2018 | ($26,250) | $10,466 |
| 13 | 1/3/2020 | A.G. | 2019 | ($33,800) | $5,889 |
| 14 | 1/23/2020 | T.C.H. | 2019 | ($27,420) | $9,279 |
| 15 | 2/5/2020 | S.P. | 2019 | ($28,000) | $7,875 |
| 16 | 2/6/2020 | D.H. | 2019 | ($33,220) | $8,238 |
| 17 | 2/13/2020 | L.N. | 2019 | ($43,523) | $11,308 |
| 18 | 2/14/2020 | C.K. | 2019 | ($28,000) | $8,493 |
| 19 | 2/20/2020 | D.P. | 2019 | ($21,040) | $6,700 |
| 20 | 2/20/2020 | E.P. | 2019 | ($21,040) | $6,062 |
| 21 | 3/17/2020 | I.O. | 2019 | ($42,500) | $9,508 |
| 22 | 3/25/2020 | T.J.H. | 2019 | ($13,500) | $4,796 |

All in violation of 26 U.S.C. § 7206(2).

Counts Twenty-Three through Thirty-One
Bank Fraud
[18 U.S.C. § 1344(2)]

15. Paragraphs 1 through 12 of this indictment are realleged and incorporated by reference as though fully set forth herein.

16. On or about the dates set forth below, in the Northern District of Texas and elsewhere, the defendant, **Theodore James Henderson**, did knowingly execute and attempt to execute a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, Financial Institution 1, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, that is, the defendant caused Financial Institution 1 to issue tax refund advances or loans in the names of the individuals listed below, and on or about the dates listed below, prior to the IRS issuing fraudulently obtained tax refunds, each act constituting a separate count:

| Count | Approximate Date(s) | Taxpayer | Amount |
|---|---|---|---|
| 23 | 1/27/2020 | T.C.H. | $6,000.00 |
| 24 | 2/2/2020 | H.D. | $2,451.00 |
| 25 | 2/5/2020 | S.P. | $3,938.00 |
| 26 | 2/3/2020 | A.G. | $4,417.00 |
| 27 | 2/6/2020 | D.H. | $2,060.00 |
| 28 | 2/13/2020 | L.N. | $2,827.00 |
| 29 | 2/14/2020 | C.K. | $500.00 |
| 30 | 2/20/2020 | D.P. | $3,350.00 |
| 31 | 2/20/2020 | E.P. | $3,031.00 |

All in violation of 18 U.S.C. § 1344(2).

Forfeiture Notice
[18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461]

17. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, upon conviction of the offenses alleged in Counts Twenty-Four through Thirty-One, the defendant shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

18. The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offense.

19. Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

Suzanne Chatham

FOREPERSON

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

Sarah R. Douglas

SARAH R. DOUGLAS
Assistant United States Attorney
Texas Bar No. 24060979
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Fax: 214-659-8805
Email: Sarah.Douglas@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

THEODORE JAMES HENDERSON.

---

INDICTMENT

26 U.S.C. § 7206(2)
Aiding and Assisting in the Preparation and Presentation
of a False and Fraudulent Tax Return
(Counts 1-22)

18 U.S.C. § 1344(2)
Bank Fraud
(Counts 23-31)

18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461
Forfeiture Notice

31 Counts

---

A true bill rendered

Suzanne Chatham

DALLAS FOREPERSON

Filed in open court this 15th day of April, 2025.

**Warrant to be Issued**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending